UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LINDOLFO SIDAR VELAZQUEZ GONZALEZ,                              Petitioner,

v.                                                    Civil Action No. 4:26-cv-357-RGJ

MIKE LEWIS, et al.,                                            Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Lindolfo Sidar Velazquez Gonzalez's Writ of

Habeas Corpus. [DE 1]. Respondents responded on June 1, 2026. [DE 8]. Petitioner replied on

July 8, 2026. [DE 11]. The Court held an evidentiary hearing. [DE 3; DE 10]. This matter is ripe

for adjudication. For the reasons below, this Court **DENIES** the Petition for Writ of Habeas

Corpus. [DE 1].

**I.      Background**

Petitioner Lindolfo Sidar Velazquez Gonzalez ("Gonzalez") is a 47-year-old native and

citizen of Mexico. [DE 8-1 at 52]. Gonzalez entered the United States without inspection multiple

times and has been previously provided the opportunity to voluntarily depart. [DE 8 at 42]. The

first seven times, he was encountered by Customs and Border Patrol ("CBP") near the Otay Mesa,

California border. [*Id.*]. He was processed and voluntarily deported to Mexico. [*Id.*]. The eighth

time, he encountered CBP near Tecate, California, and voluntarily deported to Mexico shortly

thereafter. [*Id.* at 43]. On October 8, 2010, he entered without inspection near Rio Grande, Texas.

[*Id.*]. This time, Gonzalez was processed through Expedited Removal proceedings due to his

previous encounters. [*Id.*]. He was issued a Notice and Order of Removal and was deported on

October 12, 2010. [*Id.*]. On May 3, 2014, Gonzalez entered the United States without inspection

near Otay Mesa, California. [*Id.*]. Again, he was processed through Expedited Removal, issued an

Order of Removal, and was deported to Mexico on May 4, 2014. [*Id.*].

On April 11, 2026, Kentucky State Police arrested Gonzalez for driving under the influence of alcohol. [*Id.* at 44]. He was lodged at Crittenden County Detention Center. [*Id.*]. On April 12, 2026, Immigrations and Customs Enforcement ("ICE") placed a detainer on Gonzalez and issued a Notice of Intent to reinstate his prior Order of Removal. [*Id.*]. ICE transferred Gonzalez to Hopkins County Jail, in the Western District of Kentucky, where he remains today. On April 22, 2026, ICE signed the Form I-205, Warrant/Order of Removal. [DE 8-5, I-205 Warrant of Removal, at 72].

ICE is currently screening Gonzalez for fear of removal. [DE 8 at 44]. Neither party disputes that Gonzalez is subject to a final order of removal under 8 U.S.C. § 1231. [DE 8 at 45; DE 11 at 79].

Gonzalez seeks a Writ of Habeas Corpus alleging that his current detention is in violation of *Zadvydas v. Davis*, 533 U.S. 690 (2001) and his due process rights. [DE 1 at 5-6]. The United States contends that Gonzalez is properly detained under 8 U.S.C. § 1231 pursuant to the *Zadyvdas* standard. [DE 8 at 45-46].

## II.  Discussion[1]

### A.  Relevant Immigration Framework

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" "removal." 8 U.S.C. § 1231(a)(2)-(6). The "removal period" begins once a noncitizen's removal order "becomes administratively final." 8 U.S.C. § 123l(a)(l)(B). The removal period lasts for 90 days, during which ICE "shall remove the [non-citizen] from the United States." And ICE "shall detain

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

the [non-citizen]" as it carries out the removal. 8 U.S.C. § 1231(a)(l)-(2). After the initial 90-day period, a noncitizen "ordered removed. . . as inadmissible under section 1182 of this title. . . may be detained beyond the removal period" or "released" subject to terms of supervision. 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 683. For post-removal detention to be permissible, the removal must be reasonably foreseeable. *Id.* at 699. What constitutes reasonable foreseeability is determined on a case-by-case inquiry, with no specific point in time where the detention becomes constitutionally impermissible. *Id.* However, the Supreme Court held that a period of detention under six months is a "presumptively reasonable period of detention." *Id.* at 701. This does not mean that any detention longer than six months is unreasonable. *Id.* After six months, the detention of the noncitizen may continue to be constitutionally permissible according to a burden shifting framework. *Id.* First, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If this is met, the burden shifts to the United States. The United States must "respond with evidence sufficient to rebut that showing." *Id.* "And as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' necessarily shrinks." *Lopez v. Raycraft,* 2026 WL 1370583, at *12 (E.D. Mich. May 15, 2026) (quoting *Zadvydas,* 533 U.S. at 701). "Said differently: A person with a final removal order 'may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.*

### B.    Application to Gonzalez

Gonzalez's final order of removal was considered final pursuant to 8 U.S.C. § 1231 on April 22, 2026, when the final Order of Removal was reinstated. [DE 8 at 44]; *Johnson v. Guzman Chavez,* 594 U.S. 523, 544 (2021); *Abad v. Raycraft,* 2026 WL 1481115, *2 (W.D. Mich. May 27, 2026) ("Noncitizens subject to reinstated orders of removal are governed by § 1231's detention provisions.") As of today, Gonzalez is still within the six month detention period, which is

presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701). If a person can prove that "his removal is not reasonably foreseeable" then he can overcome the United States's presumption of reasonableness. *Id.* at 397. But "in most cases, this heavy standard will be impossible to meet and habeas petitions will be easily denied." *Lopez,* 2026 WL 1370583, at *12 (citing *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025); *see also, Guerra-Castro v. Parra,* 2025 WL 1984300, *4 (S.D. Fla. July 17, 2025) (rejecting a habeas petition prior to a six-month detention because the claim was "premature"). And "successful petitioners under the *Zadvydas* framework prototypically include persons whom the government is 'unable to remove'" *Euceda v. Evans,* 2017 WL 1534197, at *4 (E.D. Va. Apr. 24, 2017) (quoting *Zadvydas,* 533 U.S. at 695). It also includes persons who are "left in [a] removable-but-unremoveable limbo." *Jama v. Immigr. Customs Enf't,* 543 U.S. 335, 347 (2005).

Gonzalez cannot meet his burden. Gonzalez has been served a notice of removal and is undergoing the reasonable fear screening process. [DE 8 at 47]. Gonzalez asserts he is not "immediately removal" because of the ongoing reasonably fear proceedings. [DE 11 at 79]. In *Martinez v. Larose,* the Sixth Circuit held that a petitioner's ongoing withholding-only proceedings, even when coupled with a two-year detention, did not result in a lack of reasonably foreseeable removal by the United States warranting release. 968 F.3d 555, 563 (6th Cir. 2020). Thus, Gonzalez fails to "offer more than 'conclusory statements' suggesting he will not be removed." *Esmaeili v. Noem,* 2026 WL 240661, at *3 (S.D. Cal. Jan. 29, 2026) (quoting *Andrade v. Gonzalez,* 459 F.3d 538, 543 (5th Cir. 2006)); *see also, Wang v. Bondi,* 2026 WL 1113519, at

*3 (W.D. Mich. Apr. 24, 2026) (holding that the Petitioner must provide "evidence showing that removal is not significantly likely"). And although Gonzalez has been detained for roughly three months, that fact, without more, is insufficient to meet his burden. *Martinez,* 968 F.3d at 563 (rejecting habeas relief even where petitioner was detained for over two years); *Smith v. Simon,* 2019 WL 4143088, *4 (N.D. Ohio July 17, 2019) (holding that the "mere passage of time" is inadequate to obtain *Zadvydas* relief) (quoting *Beckford v. Lynch,* 168 F. Supp. 3d 533, 539 (W.D.N.Y. 2016). Although the passage of time necessarily "shrinks" what is considered as the 'reasonably foreseeable future," the passage of time alone is insufficient. *Lopez,* 2026 WL 1370583, at *12. As a result, Gonzalez has failed to meet his burden at this stage "to come forward with evidence showing that removal is not significantly likely to occur sometime soon." *Wang,* 2026 WL 1113519, at *3; *see also, Abdalla v. Johnson*, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (holding that Petitioner had not met his burden on a *Zadvydas* claim, even a year into detention, because petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

In *Jama,* the Supreme Court held that petitioner had met this burden because the "petitioner had definitively established that no country would accept him." *Woldeghergish v. Lynch,* 2025 WL 4648129, *10 (S.D. Ohio Oct. 23, 2025) (citing *Jama,* 543 U.S. at 347); *Demore v. Kim,* 538 U.S. at 510, 527 (2003) (the primary question is whether removal is "(n)o longer practically attainable"); *Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022) ("*[Z]advydas* should not be expanded beyond the context of the indefinite and potentially permanent detention involved here.") Gonzalez has not "definitively established" that any country, would not accept him. *Jama,* 543 U.S. at 347. Simply stating that removal is unsafe, without other evidence, is insufficient to meet the initial burden. *Ahmed v. Brott*, 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015); *report and recommendation adopted*, 2015 WL 1542155 (D. Minn. Apr. 7, 2015) (collecting cases). Thus, as

5

the record currently stands, Gonzalez has not demonstrated that he is facing a "potentially permanent detention" which *Zadvydas,* and the Fifth Amendment, prohibit. *Miranda,* 34 F.4th at 361; *see Zadvydas*, 533 U.S. at 699-701. As a result, Gonzalez fails to meet his burden and the petition must be denied. *Id; Abad,* 2026 WL 1481115 at *2.

Accordingly, Gonzalez's *Zadvydas* claim fails. He has not proven that he is unlikely to be removed in the near future. *Woldeghergish,* 2025 WL 4648129, *10 (denying habeas petition while the United States was awaiting final approval); *Thai v. Hyde,* 788 F. Supp. 3d 57, 61 (D. Mass. 2025) (holding that evidence of the United States's removal efforts are "sufficient grounds for the Court to conclude that petitioner's removal is foreseeable").

"Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable." *Wang,* 2026 WL 1113519, at *4.

### III.    Conclusion

For the reasons stated above, the Court **DENIES** Gonzalez's Petition for Writ of Habeas Corpus [DE 1].

Rebecca Grady Jennings, District Judge
United States District Court

July 15, 2026

6